**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**RICHMOND DIVISION**

**KEVETTE ELLIOTT,**

Plaintiff,

v. Civil Action No. ___________

**KIA CORPORATION,**

**and**

**KIA AMERICA, INC.,**

Defendants.

# COMPLAINT

# AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Kevette Elliott ("Plaintiff"), by counsel, complains of Defendants Kia Corporation and Kia America, Inc. and alleges as follows:

## PARTIES

1. Plaintiff Kevette Elliott is an adult citizen of the Commonwealth of Virginia.

2. Defendant Kia Corporation is a corporation organized under the laws of the Republic of Korea with its principal place of business in the Republic of Korea.

3. Defendant Kia America, Inc. is a California corporation with its principal place of business in California.

4. Kia America, Inc. is alleged to be a wholly owned subsidiary of Kia Corporation and is engaged in the distribution, marketing, sale, warranty, recall administration, servicing support, and support of Kia vehicles in the United States, including Virginia.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff and Defendants are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff is a citizen of Virginia; Kia America, Inc. is a citizen of California; and Kia Corporation is a citizen or subject of the Republic of Korea.

7. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in Chesterfield County, Virginia.

8. Chesterfield County lies within the Richmond Division of the Eastern District of Virginia under Local Civil Rule 3.

## FACTUAL ALLEGATIONS

9. The vehicle involved in the collision was a 2012 Kia Optima, Vehicle Identification Number 5XXGR4A68CG010826 (the "Subject Vehicle"), owned by Michael Elliott.

10. Kia Corporation is alleged to have designed, engineered, manufactured, assembled, tested, and/or produced the Subject Vehicle and material component systems, including its occupant-restraint systems.

11. Kia America, Inc., formerly known as Kia Motors America, Inc., distributed, marketed, sold, warranted, supported, and administered safety recalls and service campaigns concerning Kia vehicles in the United States.

12. The Subject Vehicle was equipped with an advanced occupant-restraint system that included an Airbag Control Unit ("ACU"), frontal airbags, crash-sensing components, electrical and electronic components, and driver and passenger seat-belt restraint systems, including pretensioners.

13. The ACU was intended to evaluate crash information and, when applicable criteria were satisfied, command deployment of the frontal airbags and seat-belt pretensioners.

14. On or about June 1, 2018, Kia reported to the National Highway Traffic Safety Administration a safety-related defect affecting certain Kia vehicles, including certain 2011-2013

Kia Optima vehicles, resulting in NHTSA Recall Campaign No. 18V-363 and Kia Recall No. SC165.

15. Kia's recall materials identified an ACU condition in which electrical overstress could damage an application-specific integrated circuit and could prevent frontal airbags and seat-belt pretensioners from deploying during certain frontal collisions in which deployment was necessary.

16. Kia's prescribed SC165 remedy included installation of a wire-harness kit between the ACU connector and the vehicle-harness connector.

17. Approximately two months or less before the September 6, 2024 collision, the Subject Vehicle was serviced by Hyman Bros. of Midlothian, Inc., an authorized Kia dealership/service facility in Chesterfield County, Virginia, receiving a new engine under warranty. At that time, Plaintiff, Kevette Elliott, confirmed that all recalls had been addressed on the vehicle.

18. At or in connection with that service, the Subject Vehicle's recall status was addressed and, upon information presently available, all outstanding recalls applicable to the Subject Vehicle were represented as having been addressed and/or completed timely over the period of ownership.

19. Discovery is required to establish the complete VIN-specific recall history, whether SC165 applied to this VIN, when and by whom the SC165 remedy was performed, whether the prescribed harness was installed, whether it was properly installed, and whether Kia's records reflected the campaign as completed.

20. On September 6, 2024, Kevette Elliott was operating the Subject Vehicle in Chesterfield County, Virginia. Margaret J. Beard occupied the front passenger seat.

21. While Mrs. Elliott was traveling behind another passenger vehicle, that vehicle suddenly changed lanes to the left, exposing a work truck in the Subject Vehicle's path of travel.

22. Mrs. Elliott was unable to avoid a collision, and the front of the Subject Vehicle struck the work truck. The collision caused extensive and severe front-end damage.

23. Despite the frontal collision and extensive damage, the frontal airbags did not deploy.

24. Mrs. Elliott's driver's-side seat-belt restraint system failed adequately to restrain her, and Ms. Beard's passenger-side seat-belt restraint system likewise failed adequately to restrain her.

25. Plaintiff does not allege merely from nondeployment that frontal airbags must deploy in every frontal collision. Plaintiff alleges that the physical evidence, crash characteristics, restraint-system failures, recall history, crash data, component inspection, and expert evidence will establish whether deployment was commanded or required and the cause of the failures.

26. Plaintiff does not allege that an occupant-restraint defect caused the initial collision. The claims concern injuries caused, aggravated, increased, or enhanced by the alleged failure of the occupant-protection systems.

27. As a direct and proximate result of the collision and the alleged failures of the Subject Vehicle's occupant-protection systems, Plaintiff sustained injuries including a fractured toe, multiple contusions, whiplash-type injuries, cervical and other strains, pain, suffering, inconvenience, physical limitations, and other injuries.

28. Plaintiff has incurred medical expenses and other economic loss and has sustained noneconomic damages.

29. Had the occupant-restraint systems performed as reasonably intended, Plaintiff's injuries would have been prevented or reduced in nature, extent, and severity.

## COUNT I

## NEGLIGENCE - DEFECTIVE DESIGN, MANUFACTURE, TESTING, AND OCCUPANT-RESTRAINT SYSTEM AGAINST KIA CORPORATION

30. Plaintiff incorporates the preceding paragraphs.

31. Kia Corporation owed foreseeable operators and occupants a duty to exercise reasonable care in designing, engineering, manufacturing, assembling, testing, validating, and producing the Subject Vehicle and its occupant-restraint systems.

32. A motor-vehicle collision is a reasonably foreseeable event in the ordinary use of a passenger vehicle, and the occupant-restraint systems were intended to reduce injury during qualifying collisions.

33. Kia Corporation breached its duties by designing, manufacturing, testing, producing, and/or placing into commerce the Subject Vehicle with an occupant-restraint system that was unreasonably dangerous for its ordinary and reasonably foreseeable uses.

34. The alleged unreasonably dangerous condition existed when the Subject Vehicle and/or relevant components left Kia Corporation's possession or control.

35. Kia Corporation knew or should have known of the danger through reasonable engineering, testing, validation, quality control, field monitoring, recall administration, and investigation.

36. Kia Corporation's negligence was a direct and proximate cause of Plaintiff's enhanced injuries and damages.

## COUNT II

## NEGLIGENCE - DISTRIBUTION, RECALL, WARNING, AND SAFETY RESPONSIBILITIES AGAINST KIA AMERICA, INC.

37. Plaintiff incorporates the preceding paragraphs.

38. Kia America distributed, marketed, sold, warranted, supported, and participated in placing the Subject Vehicle into the United States stream of commerce and administered or participated in safety recalls and communications concerning Kia vehicles.

39. Kia America owed foreseeable users a duty to exercise reasonable care with respect to vehicle safety matters within its responsibilities.

40. To the extent established through discovery, Kia America breached its duties by distributing a vehicle containing an unreasonably dangerous restraint system and/or by failing adequately to investigate, warn concerning, communicate, administer, implement, or cause an effective remedy of known or reasonably discoverable safety defects.

41. Kia America's negligence was a direct and proximate cause of Plaintiff's enhanced injuries and damages.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST BOTH DEFENDANTS

42. Plaintiff incorporates the preceding paragraphs.

43. Defendants were merchants and/or entities in the chain of manufacture and distribution of the Subject Vehicle.

44. The Subject Vehicle was placed into commerce subject to an implied warranty that it was merchantable and reasonably fit for the ordinary purposes for which passenger motor vehicles are used.

45. The Subject Vehicle was not reasonably fit for its ordinary and reasonably foreseeable purposes because the occupant-restraint systems failed to perform their reasonably intended safety functions during the subject collision.

46. Plaintiff was a person whom Defendants reasonably could have expected to use, occupy, or be affected by the Subject Vehicle, and lack of contractual privity does not bar the claim under Virginia Code § 8.2-318.

47. The breach of implied warranty was a direct and proximate cause of Plaintiff's enhanced injuries and damages.

**COUNT IV**

**NEGLIGENT FAILURE TO WARN**

**AGAINST BOTH DEFENDANTS - PLED IN THE ALTERNATIVE**

48. Plaintiff incorporates the preceding paragraphs.

49. To the extent established through investigation and discovery, Defendants knew or should have known of defects, hazards, failure modes, field incidents, warranty claims, investigations, recalls, campaigns, technical communications, and other information concerning failures of the Subject Vehicle's occupant-restraint systems.

50. Such dangers were not open and obvious to an ordinary vehicle owner, operator, or occupant.

51. Defendants failed adequately and timely to warn foreseeable users of such dangers and of measures necessary to inspect, avoid, or correct them.

52. Had adequate and timely warnings been provided, reasonable measures would have been taken to inspect, repair, or correct the dangerous condition before the collision.

53. Defendants' failure adequately to warn was a direct and proximate cause of Plaintiff's enhanced injuries and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally to the extent permitted by law, for compensatory damages in an amount to be determined by the jury in the amount of Two Hundred Fifty Thousand Dollars and No Cents ($250,000.00), exclusive of interest and costs;

Past and future medical expenses and other economic losses proved at trial;

Past and future pain, suffering, inconvenience, impairment, and other compensable noneconomic damages;

Prejudgment and post-judgment interest to the extent permitted by law;

Taxable costs; and

Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

KEVETTE ELLIOT

By

__/s/ Jason M. Krumbein_____
Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804-592-0792
804-823-2565 (fax)
JKrumbein@KrumbeinLaw.com (email)